**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM PHILLIPS, AN INDIVIDUAL; on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**RANDY'S TRUCKING, INC., ET AL.,**<br><br>Defendants. | 1:16-cv-00753-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 12)** |

## I. <u>INTRODUCTION</u>

Plaintiff William Phillips ("Phillips" or "Plaintiff"), on behalf of himself and others similarly situated, brings this action against Defendants Randy's Trucking, Inc. ("RTI"), Randy Gene Griffith, and Kyle Griffith (collectively, "Defendants"). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 201 *et seq.*, which he brings as a collective action under 29 U.S.C. § 216(b). Plaintiff also brings various California state law claims individually.

Now before the Court is Defendants' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), which seeks judgment based on issue preclusion as to Plaintiff's FLSA collective action claim. Defendants argue that Phillips is estopped from bringing a collective action against Defendants for unpaid overtime because Phillips was party to a prior action where certification of a collective action was denied. This matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

## II. <u>BACKGROUND</u>

From roughly August 2011 to March 2014, Phillips worked as a truck operator for RTI, an

1    oilfield services company. (Compl. ¶ 8-9; ECF No. 17.) Phillips, along with other truck operators

2    employed by RTI, supplied water to oil rigs and other oil field operations. (Compl. ¶¶ 9, 11.)

3         On May 5, 2015, three former employees filed a collective action against RTI in this Court

4    alleging unpaid overtime in violation of the FLSA, as well as various state law claims. (*See Ferguson v.*

5    *Randy's Trucking, Inc.*, No. 1:15-cv-00697-JLT (filed E.D. Cal. May 6, 2015) ("*Ferguson*"), ECF No.

6    13 at 4-15.) On August 3, 2015, Phillips filed a form with the court, consenting to opt in to the litigation

7    as a party plaintiff, pursuant to 29 U.S.C. § 216(b). [1] (*Id.* at 17.) On March 11, 2016, the court denied

8    plaintiffs' request for conditional certification as a collective action under the FLSA. (*Id.* at 33-35.) In

9    the order, the court concluded that plaintiffs had not set forth sufficient evidence to demonstrate that

10   they were "substantially similar" to the putative class. (*Id.* at 34-35.)

11        On May 27, 2016, Phillips filed a new collective action complaint against RTI in this Court. (*See*

12   Complaint ("Compl."), ECF No. 2.) The Complaint alleges that RTI failed to keep accurate records of

13   the hours actually worked by Plaintiff and other truck operators and, as a result, failed to pay them

14   appropriate overtime in accordance with the FLSA, 29 U.S.C. §§ 207, 216. (*Id.* ¶ 29.) The Complaint

15   also sets forth various additional causes of action alleging violations of California state law as to

16   Defendant RTI. (*Id.* ¶ 2.)

17        On September 16, 2016, Defendants filed a motion for judgment on the pleadings pursuant to

18   Federal Rule of Civil Procedure 12(c) asserting issue preclusion against Plaintiff. (ECF No. 12.) Plaintiff

19   opposed the motion. (ECF No. 14.) Defendants submitted a reply. (ECF No. 15.)

20                              **III. <u>REQUEST FOR JUDICIAL NOTICE</u>**

21        In support of their motion, Defendants request that the Court take judicial notice of various court

22   filings in the *Ferguson* action. (ECF No. 13 at 1-2.). Specifically, Defendants point to the original

---

24   [1] Under Section 216(b) of the FLSA, each employee must affirmatively opt in to a collective action by filing a consent to join
     as a plaintiff to the action. 29 U.S.C. § 216(b). The opt-in requirement is the primary difference between a collective action
25   under the FLSA and a class action under Federal Rule of Civil Procedure 23. *See McElmurry v. U.S. Bank Nat. Ass'n*, 495
     F.3d 1136, 1139 (9th Cir. 2007).

26                                          2

1    complaint, Phillips' consent form, and an order denying conditional certification of a collective action.

2    (*Id.*)

3        Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not

4    subject to reasonable dispute because it can be accurately and readily determined from sources whose

5    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes, as is the case here,

6    court documents and filings. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We

7    may take judicial notice of undisputed matters of public record, including documents on file in federal or

8    state courts.") (internal citations omitted).

9        In his opposition, Plaintiff contends that the operative complaint in *Ferguson* was actually the

10   first amended complaint. (ECF No. 14 at 1.). However, Plaintiff does not question the authenticity of the

11   original complaint, nor does he object to the Court's taking judicial notice of any of the documents set

12   forth by Defendants. Having reviewed both the original and amended complaints, the Court has

13   determined that its analysis of the issues presented in this motion does not hinge on any differences

14   between the original and amended complaints in *Ferguson*. The Court takes judicial notice of both

15   complaints, as well as the consent form and order filed by Defendants. The Court refers to the original

16   complaint, which was filed by Defendants in this action. (ECF No. 13 at 4-15.)

17                          **IV. <u>STANDARD OF DECISION</u>**

18       Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter

19   the pleadings are closed-but early enough not to delay trial." "A motion for judgment on the pleadings

20   should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci*

21   *v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). A "judgment on the pleadings is appropriate

22   when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a

23   matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

24       "A judgment on the pleadings is a decision on the merits." *3550 Stevens Creek Assocs. v.*

25   *Barclays Bank of Cal.*, 915 F.2d 1355, 1356 (9th Cir. 1990). A Rule 12(c) motion "is designed to

26                                      3

1  dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered

2  by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v.*

3  *Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in

4  light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco*

5  *Inst., Inc.*, 278 F.3d 417,420 (5th Cir. 2001). "[A]ll allegations of fact of the opposing party are accepted

6  as true." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Thus, a motion for judgment on the

7  pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6).

8  *Dworkin v. Hustler Magazine*, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Although Rule 12(c) does not

9  mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend. *See*

10  *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

11  ## V. <u>DISCUSSION</u>

12       Defendants ask this Court for judgment on Phillips' collective action claim under the FLSA

13  based on collateral estoppel (issue preclusion). Defendants argue that Phillips' FLSA collective action

14  claim is barred because the *Ferguson* court declined to certify an FLSA collective action to which

15  Phillips was a party. (ECF 12 at 1.) Defendants move for a judgment on the pleadings with regard to

16  only the collective action aspect of Plaintiff's claim, and do not dispute that Phillips may proceed with

17  his FLSA claims on an individual basis. (*See* ECF 12 at 5 n.4.)

18  **A.**    <u>**Res Judicata in a Motion for Judgment on the Pleadings**</u>

19       As an initial matter, Plaintiff argues that Defendants' motion is not properly a motion for

20  judgment on the pleadings because it does not seek any actual judgment, nor does it seek the dismissal

21  of any single cause of action. (ECF No. 14 at 1.) Plaintiff further contends that Defendants' motion

22  would be more properly presented as a 12(f) motion to strike the collective action allegations or as part

23  of an opposition to Plaintiff's eventual motion for certification. (*Id.*) In response, Defendants note that

24  several courts have considered collateral estoppel arguments in a motion for judgment on the pleadings.

25  (ECF No. 15 at 2.)

26

4

1    A party can bring a Rule 12(c) motion for judgment on the pleadings based upon issue

2 preclusion. *See Hussein v. Zanjani*, 504 F. App'x 595, 597 (9th Cir. 2013); *Bryant v. Apotex, Inc.*, No.

3 1:12-cv-1377-LJO-JLT, 2015 WL 1529376 (E.D. Cal. Apr. 2, 2015). Courts have considered whether

4 prior collective action litigation under the FLSA bars pending litigation in the context of motions for

5 judgment on the pleading. *See Ambrosia v. Cogent Communications, Inc.*, No. 14-cv-02182-RS, 2014

6 WL 4744409 (N.D. Cal. Sept. 22, 2014); *Does I through III v. D.C.*, 238 F. Supp. 2d 212, 215 (D.D.C.

7 2002). In *Ambrosia*, the court considered a similar issue to the one presented here: whether the prior

8 denial of certification in an FLSA action collaterally estopped an opt-in plaintiff to that action from

9 bringing a second FLSA collective action. *Id.* Defendants' motion is not procedurally improper.

10 However, as explained below, the Court concludes that application of the issue preclusion doctrine to

11 the certification of a collective action in this case is not appropriate.

12 **B.    Issue Preclusion**

13    "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which

14 are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under issue

15 preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may

16 preclude relitigation of the issue in a suit on a different cause of action involving a party to the first

17 case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (citing *Dodd v. Hood River

18 County*, 59 F.3d 852, 863 (9th Cir. 1995)). Issue preclusion applies only where it is established that:

19 (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be

20 relitigated; (2) the first proceeding ended with a final judgment that is "sufficiently firm"; and (3) the

21 party against whom issue preclusion is asserted was a party or in privity with a party at the first

22 proceeding. *Id.*

23    **1.    Identity between Parties**

24    Defendants argue that Phillips was a party to the *Ferguson* action because he affirmatively opted

25 into that lawsuit by filing a consent form and agreeing to be represented by plaintiffs' counsel in that

26

5

1    action. (ECF No. 12 at 7.) Phillips counters that he is not bound by the collective action, since the court

2    did not certify the action. (ECF No. 14 at 4 ("when a person files a consent to join a FLSA collective

3    action, the person is merely giving consent to join a collective action, if one is certified").) It is

4    undisputed that Defendants are identical in both actions.

5         Privity exists when there is a "substantial identity" between parties, meaning there is sufficient

6    commonality of interest. *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983). An employee becomes a

7    party plaintiff in an FLSA suit when he consents in writing and the consent is filed in the court in which

8    the suit is brought. *See* 29 U.S.C. §§ 216(b), 256. A plaintiff who validly consents is bound by the

9    court's judgment. *See id.*; *McElmurry*, 495 F.3d at 1139 ("plaintiffs who expressly join the collective

10   action are bound by its results").

11        Several courts have held that opt-in plaintiffs to FLSA actions should be treated as parties to the

12   litigation. *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("The statute does not indicate

13   that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned.

14   To the contrary, by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs

15   should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."); *Jones v.*

16   *San Diego Metro. Transit Sys.*, No. 14-CV-1778-LAB-KSC, 2016 WL 3952154, at *4 (S.D. Cal. July

17   22, 2016). In *Ambrosia*, the court determined that privity was "certainly satisfied" in a subsequent FLSA

18   collective action as to plaintiffs who opted in to a previous FLSA action that was decertified. 2014 WL

19   4744409, at *1–2

20        In support of their position that Phillips cannot be bound by the court's ruling in *Ferguson*,

21   Plaintiff cites *Woodwards v. Chipotle Mexican Grill, Inc.*, No. 14-CV-4181 SRN/SER, 2015 WL

22   3447438, at *12 (D. Minn. May 28, 2015).[2] In *Woodwards*, the court held that an individual who opted

23   _____

24   [2] In support of its position, *Woodwards* cites the Supreme Court's decision in *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2379-82
     (2011), which held, in the context of Rule 23 class actions, "an unnamed member of a proposed but uncertified class" is not a

25   "party" to earlier class litigation, nor bound under principles of nonparty preclusion. *Smith* is inapplicable here, because that
     holding applies to putative plaintiffs in the Rule 23 context who do not affirmatively opt in to the suit, and are therefore not

26                                                      6

1   into a FLSA collective action was not bound by that court's denial of conditional certification, and was

2   therefore not precluded from bringing a subsequent collective action. *Id.* However, *Woodwards* is

3   distinguishable. In *Woodwards*, the court in the prior action did ultimately conditionally certify a class,

4   but Woodwards was not eligible for inclusion in that collective action. *Id.* at *12 n.7 (recognizing that

5   *Ambrosia* is distinguishable for the same reason). Furthermore, Woodwards had not joined the prior

6   class until after briefing on conditional certification was complete. *Id.* at 12 n.7. Here, no conditional

7   class excluding Phillips was ever certified, and he opted in to the class seven months before the court's

8   order denying conditional certification. (ECF No. 13 at 17 (emphasis added).)

9       Furthermore, to adopt the logic of *Woodwards* here would be to ignore that Phillips was a party

10  plaintiff for the purposes of the prior litigation. *Jones*, 2016 WL 3952154, at *4. Phillips' consent form

11  in *Ferguson* clearly states that he "give[s] his consent to become a *party plaintiff* in [*Ferguson*]." (*Id.*

12  (emphasis added).) Because Phillips was a party to the *Ferguson* action to the same extent as a named

13  plaintiff, the privity element is satisfied for purposes of issue preclusion.

14      **2.    Identity of Issues**

15      The claims brought by Phillips in this case are very similar to those brought by plaintiffs in

16  *Ferguson*. Although Phillips' theory of the case differs from that in the *Ferguson* action, Phillips seeks

17  to recover unpaid overtime under the FLSA just as plaintiffs did in *Ferguson*. In their motion,

18  Defendants argue that the issues raised in this action are identical to those raised in *Ferguson* because

19  truck driver plaintiffs in both cases allege damages against Defendants for unpaid overtime. (ECF No.

20  12 at 6.) Phillips maintains that the claims raised in this action are distinct because he seeks in this case

21  to certify a collective action for "sloppy record keeping" that allegedly resulted in unpaid overtime.

22  (ECF No. 14 at 3-5.)

23      However, the Court cannot now determine whether the issues that will be presented in this case

24

25  considered part of the class until class certification is granted. Here, Phillips affirmatively opted in to the class and was a
    party plaintiff for purposes of the litigation.

26                                              7

on a motion for certification will be identical to the issues presented in *Ferguson*. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). A plaintiff's "threatened injury must be *certainly impending* to constitute injury in fact, and allegations of *possible* future injury are not sufficient." *Coons v. Lew*, 762 F.3d 891 (9th Cir. 2014) (quoting *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013)). "Where a dispute hangs on future contingencies that may or may not occur . . . it may be too impermissibly speculative to present a justiciable controversy." *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (internal quotation marks and citations omitted).

In determining whether issues are "identical" for purposes of issue preclusion, courts consider four factors: "(1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) how closely related are the claims involved in the two proceedings?" *Disimone v. Browner*, 121 F.3d 1262, 1267 (9th Cir. 1997) (quoting the Restatement (Second) of Judgments § 27 cmt. c.).

The Court is not yet in a position to analyze whether the issues presented at certification will be identical using these four factors. The *Ferguson* court denied certification because plaintiffs failed to put forth evidence of the "jobs performed by other drivers, the hours worked, or the pay received," which prevented the court from being able to assess whether they were similarly situated to named plaintiffs. (ECF No. 13 at 35.) Because Phillips has not yet had the opportunity to present evidence in support of certification, the Court cannot discern at this time whether there is "substantial overlap in evidence and arguments" with the issues presented at the conditional certification stage in *Ferguson*. *Disimone*, 121 F.3d at 1267. In contrast to *Ambrosia*, where the court considered in the first instance whether

8

1    certification was appropriate based on a full evidentiary record, the *Ferguson* court had limited

2    information about whether plaintiffs were suitable to represent the class. *Compare* (ECF No. 13 at 35)

3    *with Ambrosia*, 2014 WL 4744409, at *1. Collateral estoppel is not applicable where differing facts

4    between the two cases are "'essential to the judgment' or 'of controlling significance.'" *Starker v.*

5    *United States*, 602 F.2d 1341, 1346 (9th Cir. 1979) (internal citations omitted). In its decision, the

6    *Ferguson* court relied not only on the allegations in the complaint, but also on declarations from the

7    named plaintiffs. Here, the Court only has the Complaint and cannot yet know whether Plaintiff could

8    put forward evidence in support of his motion for class certification that would show that he is similarly

9    situated to other putative plaintiffs. If he can do so, that new evidence would be 'of controlling

10   significance' and could lead to a different outcome at the certification stage. *Id*. Plaintiff is entitled to

11   put forth evidence to show that this class should proceed as a collective action at the appropriate time.

12          **3.     <u>"Sufficiently Firm" Prior Adjudication</u>**

13          Defendants contend that the court's denial of certification in *Ferguson* was "sufficiently firm" to

14   be accorded conclusive effect, citing *Ambrosia*, 2014 WL 4744409, at *2. Plaintiff contends that orders

15   that are not subject to appeal or reviewed on appeal are not sufficiently firm. (ECF No. 14 at 4.)

16          Although claim preclusion depends on a final judgment on the merits, issue preclusion does not.

17   *See Mauro v. Fed. Exp. Corp.*, No. CV 08-8526DSF(PJWX), 2009 WL 1905036, at *4 (C.D. Cal. June

18   18, 2009). "Final judgment for collateral estoppel purposes can be any prior adjudication of an issue in

19   another action that is determined to be "sufficiently firm" to be accorded conclusive effect." *Luben*

20   *Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983) (internal quotation marks and citations

21   omitted).

22          The *Ferguson* order was based on plaintiffs' request for conditional certification. (*Id.* at 33.) As

23   the *Ferguson* court acknowledged, the case was still in the early stages of discovery, and the evidentiary

24   record necessary for a full determination on the merits of plaintiffs' claims was not yet developed. (*Id.*)

25   The order analyzed preliminarily whether plaintiffs' claims could proceed as a collective action and

26                                                      9

1   determined that they could not. (ECF No. 13 at 35.) The court's conclusion rested on the fact that

2   plaintiffs did not submit sufficient evidence to suggest that other drivers were similarly situated to

3   named plaintiffs. (*Id*.) The court did not determine that the evidentiary record showed that the action was

4   categorically unsuitable for collective action treatment, only that the evidence presented at that stage

5   was insufficient. (*Id.* at 35.)

6          Because the *Ferguson* court was unable to fully analyze the suitability of the claims for

7   collective action treatment, the issue that will be litigated at certification in this matter was not actually

8   litigated to the extent necessary to bind Phillips here. This case is therefore distinguishable from

9   *Ambrosia*, and other cases that have determined that denial of certification or decertification on a full

10  record would preclude the issue form being relitigated. *See Ambrosia*, 2014 WL 4744409, at *2

11  (determining that decertification of an FLSA collective action is a "sufficiently firm" judgment for issue

12  preclusion purposes); *Sliger v. Prospect Mortg.*, *LLC*, No. CIV. S-11-465 LKK, 2012 WL 6005711, at

13  *4 (E.D. Cal. Nov. 30, 2012) (recognizing that if court decertified the action, opt-in plaintiffs would

14  likely be precluded from certifying a FLSA collective action in the future). Because the court's denial of

15  conditional certification in *Ferguson* was not sufficiently firm, issue preclusion does not bar Plaintiff's

16  collective action claims.

17                     **VI. <u>CONCLUSION AND ORDER</u>**

18  For the reasons stated above, Defendant Motion for Judgment on the Pleadings is DENIED.

19

20  IT IS SO ORDERED.

21      Dated:   **October 26, 2016**                **/s/ Lawrence J. O'Neill**
22                                         UNITED STATES CHIEF DISTRICT JUDGE

23

24

25

26
                                  10